IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HMV HOTELS GROUP, LLC; DESAI ENTERPRISES, LLC; MAHESH DESAI; and VRM HOTELS, LP, <br><br> Defendants. | CIVIL ACTION NO.: 4:21-cv-311 |

**O R D E R**

In this copyright infringement suit, Plaintiff Choice Hotels International, Inc., (hereinafter "Choice Hotels") has filed a Motion for Default Judgment as to all four Defendants, all of whom have already been entered into default by the Clerk of Court. Generally, after receiving the Clerk's default, the Court can enter a default judgment provided none of the defendants are an infant or incompetent. Fed. R. Civ. P. 55(b)(2). However, the Clerk's entry of default does not automatically warrant entry of default judgment. "[T]hree distinct matters emerge as essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. Before the Court can grant plaintiff's motion for default judgment, all three must be established." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Of particular concern to the Court in this case is the requirement that it "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." Odyssey Marine Exploration, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 727 F. Supp. 2d 1341, 1345 (M.D. Fla. 2010); see also Geodetic Servs., Inc. v. Zhenghzou Sunward Tech. Co. Ltd.,

No. 8:13-CV-1595-T-35TBM, 2014 WL 12620804, at *2 (M.D. Fla. Apr. 4, 2014) ("A default judgment is void in the absence of the Court's personal jurisdiction over the defendant . . . .").

In its Complaint, Choice Hotels alleges, upon information and belief, that (1) HMV Hotels Group ("HMV") was a limited liability company organized under the laws of the State of Georgia and "ha[d] an address" in Beaufort, South Carolina; (2) Desai Enterprises is a limited liability company organized under the laws of the State of South Carolina and "ha[s] an address" in Beaufort, South Carolina; (3) VRM Hotels ("VRM") is a limited partnership organized under the laws of the State of Georgia and "ha[s] an address" in Beaufort, South Carolina, and Desai Enterprises is a general partner of VRM Hotels; and (4) Mahesh Desi is a natural person, "was the managing member of Defendant HMV Hotel Group, LLC, is the managing member of Defendant Desai Enterprises, LLC and regularly conducts business in this State and District by, *inter alia*, engaging in the provision of hotel/motel services at the Subject Property." (Doc. 1, pp. 1–2.)

Choice Hotels filed proofs of service relating to service of process of the summons and Complaint as to each Defendant. (Docs. 8-1, 8-2, 8-3, 8-4.) In each of these filings, the process server declared under penalty of perjury that the summons and Complaint were left with Mahesh Desai, in Beaufort, South Carolina. In the proofs of service for HMV Hotels Group, Desai Enterprises, and VRM Hotels, the process server states that Desai is the "registered agent" for the entity to which the given proof of service pertains. (See docs. 8-1, 8-2, 8-4.)

In its Motion for Entry of Default Judgment, the only statements Choice Hotels makes that even remotely concern service and personal jurisdiction are:

> On or about October 22, 2021, a professional process server effected service of process on the Defendants in this action. Choice Hotels filed its Proof of Service with the Court on November 9, 2021. The Proof of Service filings and its

2

>accompanying exhibits satisfy Choice Hotels' burden of proving that the Defendants were served. See Fed. R. Civ. P. 4(l).

(Doc. 14, p. 1. (internal citations and numbering omitted).) While Choice Hotels submitted a Memorandum in support of its Motion for Entry of Default Judgment, the extent of that document's attention to these topics is its conclusory assertion that "[t]he Defendants have all been served with process in this action." (Doc. 15, p. 21.)

The personal jurisdiction piece of the Court's inquiry requires more attention than Choice Hotels has dedicated to it. While HMV and VRM are (or were) allegedly resident corporations, their alleged registered agent was served in South Carolina. The Georgia statute governing registered agents indicates that if a corporation designates a person as its registered agent, the person must "reside in this state and [have a] business office [that] is identical with the [corporation's] registered office," which itself must be in the State of Georgia. O.C.G.A. § 14-2-501. Furthermore, Georgia case law indicates that service upon a registered agent in a foreign state is improper where the corporation maintains a registered agent in Georgia. See Todd v. Harnischfeger Corp., 340 S.E.2d 22 (Ga. Ct. App. 1985). In this high-stakes setting, where the Court is being asked to issue a default judgment against Defendants due to the fact that they have made no appearance in the case, the Court declines to simply assume—based on nothing more than the process server's affidavit—that Mahesh Desai, who was served in South Carolina, was the appropriate registered agent for HMV and VRM for service of the summons and Complaint or, more generally, that service of process upon him was effective with regard to HMV and VRM.

As for Mahesh Desai, whose citizenship has not been addressed by Choice Hotels and who was served in South Carolina, the Court assumes at this point, in an abundance of caution, that he is a nonresident Defendant. Desai Enterprises has been affirmatively alleged to be a nonresident

3

Defendant. For nonresident Defendants, the Court is required to analyze not only the sufficiency of service of process upon them but also whether their alleged conduct meets the requirements of Georgia's long-arm statute, and whether subjecting them to the jurisdiction of Georgia courts would not offend due process of law. See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010). Choice Hotels has entirely neglected to address these crucial analyses in its briefing.

At this point, Choice Hotels has failed to provide sufficient facts and analyses to enable the Court to "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." Odyssey Marine Exploration, 727 F. Supp. 2d at 1345. Accordingly, Choice Hotels' Motion for Default Judgment, (doc. 14), is **DENIED WITHOUT PREJUDICE**. Choice Hotels shall have until September 21, 2022, to file a renewed motion for default judgment. Failure to file a renewed motion by that date may result in dismissal of this case. Any renewed motion must sufficiently address the issues raised in this Order.

**SO ORDERED**, this 6th day of September, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA